IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| METROPOLITAN DIRECT PROPERTY AND CASUALTY INSURANCE CO., as subrogee of Jeffery Johnson | § § § § | |
| V. | § | CASE NO. 4:07cv210 |
| THE UNITED STATES OF AMERICA | § § § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendant's Motion for Summary Judgment (Dkt. 22). Having reviewed the motion and record before it, the Court finds it should be GRANTED.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 7 31 (1999). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the

1

nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that a genuine issue of fact exists. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Plaintiff Metropolitan Direct Property and Casualty Insurance Company (a.k.a. "Metlife") filed this suit against the United States pursuant to the Federal Tort Claims Act seeking to obtain reimbursement for a property damage claim paid by Metlife to Cynthia A. Johnson for a 2003 Mazda Protégé LX owned by her adult son, Jeffrey Johnson. According to the pleadings, the vehicle was in an accident with a government employee operating a Forest Service vehicle. Metlife filed suit as the subrogee of Jeffrey Johnson seeking to hold the Government liable for its employee's alleged negligence.

In its motion, Defendant has asserted that Plaintiff Metropolitan Direct Property and Casualty Insurance Company is not the subrogee of Jeffrey Johnson and therefore has no right of subrogation. According to the United States, Jeffrey Johnson is not an insured under the policy under which Metlife asserts an interest. Only his mother is, and she is, according to the United States, not the owner of the vehicle involved in the collision. Essentially, the United States argues that Jeffrey Johnson (or presumably his insurer) is the only entity with a possible claim against the United States, noting that he has already executed a release of claims against the Government.

The United States has argued that Jeffrey Johnson was not an insured on the policy at issue and he was the driver of the car at the time of the accident. "An insurer's right to subrogation derives from the rights of the insured, and is limited to those rights; there can be no subrogation where the insured has no cause of action against the defendant." *Nat'l Union Fire Ins. v. John Zink Co.*, 972 S.W.2d 839, 843-844 (Tex. App.– Corpus Christi 1998, pet. denied).

The Court agrees that Jeffrey Johnson is explicitly not a named insured on the Metlife policy, according to the uncontroverted evidence submitted by the United States. While Jeffrey Johnson is listed as a driver in the policy, Plaintiff has submitted no argument or authorities to indicate that such a designation mandates that he be treated as an insured for subrogation purposes. Indeed, many authorities cited by the United States indicate to the contrary. *See, e.g., Sayah v. Metro. Prop. & Cas. Ins. Co.*, 733 N.W.2d 192, 195-97 (Neb. 2007); *Nationwide Mut. Ins. v. Williams*, 123 N.C. App. 103, 472 S.E.2d 220, 222 (N.C. App. 1996). *See also Little v. Progressive Ins.*, 783 N. E. 2d 307, 311 (Ind. App. 2003) (citing 7 COUCH ON INSURANCE § 110:1 (3d ed. 1997) ("[O]ne listed in the policy, but only in the status of a driver of the vehicle, is not a named insured despite the fact that

3

such person's name was physically in the policy.")).

Despite the fact that the parties agreed that this matter would be resolved on dispositive motions, Plaintiff has not filed any response to Defendant's arguments regarding the viability of Plaintiff's subrogation claim. Indeed, although Plaintiff's response was due within 12 days of the date the motion was served, *see* Local Rule CV-7(e), more than 50 days have passed since Defendant's motion was filed, and there is no response from Plaintiff on file. The record indicates that Plaintiff received electronic notice of the filing of the motion. Defendant even filed a notice with the Court regarding Plaintiff's failure to file an opposition, of which the record also indicates Plaintiff received notice. More than 20 days have passed since that notice was filed, and Plaintiff has filed nothing with the Court. Therefore, in accordance with Local Rule CV-7(d), the Court assumes Plaintiff's failure to respond to the motion for summary judgment or notice indicates that it concedes that, in light of the facts before the Court, Jeffrey Johnson cannot be treated as a subrogee under the policy and therefore Plaintiff's claims fail.

The non-movant's burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. Without any summary judgment evidence to support its claims, Plaintiff has not sustained its clear summary judgment burden. Defendant's motion for summary judgment is therefore granted.

**SO ORDERED.**

**SIGNED this 14th day of July, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE